Elana BACK, Plaintiff–Appellant,

v.

HASTINGS ON HUDSON, John J. Russell, Anne Brennan and Marilyn Wishnie, Defendants–Appellees.

No. 05–0158.

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

Stephen Bergstein, Thornton, Bergstein & Ulrich, LLP, Chester, NY, for Plaintiff-Appellant.

Joan M. Gilbride, Kaufman, Borgeest & Ryan (Yael J. Wepman, on the brief), Valhalla, NY, for Defendants–Appellees.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

### SUMMARY ORDER

Plaintiff-appellant Elana Back ("Back") appeals from a judgment of the district court denying her motion for a new trial after a jury rejected her 42 U.S.C. § 1983 claim challenging the decision to deny her tenure. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

■ Back asserts that she is entitled to a new trial because the district court improperly admitted into evidence seven letters from parents who opposed her tenure bid and erroneously allowed three parents to offer prejudicial testimony. We disagree. The parents' letters were received by the School Superintendent and submitted to the School Board well before September 10, 2001, when the final decision was made to deny Back tenure. Thus, we cannot say that the district court abused its discretion when it determined that these letters were admissible. *See United States v. Madori,* 419 F.3d 159, 168 (2d Cir.2005) (stating that this Court reviews evidentiary rulings for abuse of dis-

cretion). Similarly, we cannot say that the district court "ruled in an arbitrary and irrational fashion," *United States v. Dhinsa,* 243 F.3d 635, 649 (2d Cir.2001), when it determined that the parents' testimony was relevant because these parents had voiced their complaints to school administrators during the school-year and these complaints subsequently informed the decision to deny Back tenure. Having determined that these evidentiary rulings did not constitute an abuse of discretion, we find also that the district court acted within its discretion in denying Back's motion for a new trial. *See India.Com, Inc. v. Dalal,* 412 F.3d 315, 320 (2d Cir.2005) (stating that this Court reviews motions under Rule 59 for abuse of discretion).

■ Back argues also that this Court should reinstate the claims she brought against the Hastings on Hudson School District under New York Executive Law § 296. Because we sustain the jury's finding that no state official acted improperly in the decision to deny Back tenure, there is no basis for Back's claim under Executive Law § 296. For the reasons stated above, we AFFIRM the district court's judgment.

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.